IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| STEVEN EDWARDS | : | |
| | : | |
| v. | : | CIVIL NO. CCB-09-1025 |
| | : | |
| COLUMBIA BOOKS, INC. | : | |
| | : | |

...o0o...

## MEMORANDUM

Plaintiff Steven Edwards, a resident of New York, filed suit in the Eastern District of New York against defendant Columbia Books, Inc. ("Columbia"), on March 13, 2008.[1] He alleged that Columbia, through its president Joel Poznansky, fraudulently induced him to enter into an employment contract and then breached that contract, resulting in severe financial and emotional consequences for Mr. Edwards. In April 2009, the case was transferred to this District, and Columbia filed an answer and counterclaim in June.

On July 9, 2009 the court set a conference call date of August 7, 2009 to discuss the schedule. On July 16, 2009, Columbia filed a motion for default judgment on its counterclaim. When Mr. Edwards failed to participate in the August 7, 2009 conference call, an order was issued requiring him to show cause by August 21, 2009 why the case should not be dismissed. Mr. Edwards responded with a lengthy letter dated August 20, 2009 explaining his view of the events between him and Columbia over the past several years.[2] He asserts financial, physical, and emotional distress for which he believes Columbia is responsible, although he does not

---

[1] At the time suit was filed, Mr. Edwards had counsel. Counsel was permitted to withdraw at about the time the case was transferred to Maryland. Mr. Edwards is now representing himself.

[2] Columbia disputes Mr. Edward's version of events.

directly explain his failure to provide a contact phone number prior to the scheduled conference call.

Columbia then filed a motion to dismiss the complaint for failure to comply with the court's show cause order.[3]  Despite being given notice, Mr. Edwards has not responded.

Without making any determination concerning the facts of this case, it appears clear that Mr. Edwards is not able to comply with the court's orders and continue this litigation in a timely manner.  Given the time and resources already invested, and the repeated failures to respond,  the most reasonable sanction is dismissal.  While this is a severe sanction, it is ameliorated by simultaneous dismissal of the counterclaim.

A separate Order follows.

   October 2, 2009                                      /s/
        Date                                           Catherine C. Blake
                                                    United States District Judge

---

[3] Columbia consented to dismissal of its counterclaim if the complaint is dismissed.